**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MATTHEW P. HARRISON, SB# 222073
  E-Mail: Matthew.Harrison@lewisbrisbois.com
TRACEY L. STROMBERG, SB# 306654
  E-Mail: Tracey.Stromberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., and JOSEPH HERRERO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SILVIA CLERISA FRAIRE, aka Silvia Clerisa Rodriguez, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ABF FREIGHT SYSTEM, INC., a corporation; ARCBEST CORPORATION, a corporation; JOSEPH HERRERO, an individual; and DOES 1 through 100, Inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., AND JOSEPH HERRERO'S NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF TRACEY L. STROMBERG** <br><br> [Filed and Served Concurrently with Declaration of Joseph Herrero and Declaration of Don W. Pearson] <br><br> Trial Date:   None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ARCBEST CORPORATION ("ArcBest"), ABF FREIGHT SYSTEM, INC. ("ABF"), and JOSEPH HERRERO (Collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of California, County of Madera, to the United States District Court for the Eastern District of California, and in furtherance of this removal aver:

1.   This personal injury matter arises from a June 22, 2019 automobile accident between Plaintiff SILVIA CLERISA FRAIRE ("Plaintiff") and Mr. Herrero in Madera County, California.

4821-8280-9804.1

1. (Declaration of Tracey L. Stromberg ("Stromberg Decl.") at ¶ 2).

2. On September 3, 2020, Plaintiff filed a Complaint in the Superior Court of California, County of Madera, entitled *Silvia Clerisa Fraire, aka Silvia Clerisa Rodriguez v. ABF Freight System, Inc., et al.*, Case No. MCV084048 ("Complaint"). (Stromberg Decl. at ¶ 3). The Complaint alleges two Causes of Action for Negligence and Negligence Per Se against Defendants. (Stromberg Decl. at ¶ 3).

3. A true and correct copy of the Complaint is attached to the Stromberg Decl. as **Exhibit A**.

4. True and correct copies of the Summons and other notices served with the Complaint are attached to the Stromberg Decl. as **Exhibit B**.

5. The Summons, Complaint, and other notices from the state court were served on Mr. Herrero via personal service on September 17, 2020. (Stromberg Decl. at ¶ 6). A true and correct copy of the Proof of Service for Mr. Herrero is attached to the Stromberg Decl. as **Exhibit C**.

6. The Summons, Complaint, and other notices from the state court were served on ABF's registered agent for service of process, CSC-Lawyers Incorporating Service, via personal service on September 21, 2020. (Stromberg Decl. at ¶ 7). A true and correct copy of the Proof of Service for ABF is attached to the Stromberg Decl. as **Exhibit D**.

7. The Summons, Complaint, and other notices from the state court were served on ArcBest via substituted service on September 23, 2020. (Stromberg Decl. at ¶ 8). A true and correct copy of the Proof of Service for ArcBest is attached to the Stromberg Decl. as **Exhibit E**.

8. This Notice of Removal is filed within thirty days of service of the Complaint on all Defendants and, therefore, is timely under 28 U.S.C. § 1446(b).

9. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

## DIVERSITY JURISDICTION EXISTS

10. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441(b). This is a civil action where Plaintiff claims an amount in controversy that exceeds $75,000, exclusive of

interest and costs, and is between citizens of different states.

11.     Mr. Herrero is a domiciled citizen of the State of Arizona. (Declaration of Joseph Herrero at ¶¶ 2-6); *See* 28 U.S.C. 1332(a)(1); *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 (recognizing that residence is *prima facie* evidence of domicile for purposes of determining citizenship); *Lew v. Moss* (9th Cir. 1986) 797 F.2d 747, 750 (finding that an individual's domicile involves a number of factors, including current residence, voter registration, and driver's license).

12.     For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1). ABF is, and at all times alleged in the Complaint has been, a corporation organized and existing under and by virtue of the laws of the State of Arkansas. (Declaration of Don W. Pearson ("Pearson Decl.") at ¶ 2). ABF's principal place of business is located in Fort Smith, Arkansas. (Pearson Decl. at ¶ 2). Because ABF was incorporated in and has its principal place of business in the State of Arkansas, ABF is a citizen of the State of Arkansas for diversity purposes.

13.     ArcBest is, and at all times alleged in the Complaint has been, a corporation organized and existing under and by virtue of the laws of the State of Delaware. (Pearson Decl. at ¶ 4). ArcBest's principal place of business is located in Fort Smith, Arkansas. (Pearson Decl. at ¶ 4). Because ArcBest was incorporated in the State of Delaware and has its principal place of business in the State of Arkansas, ArcBest is a citizen of the State of Delaware and the State of Arkansas for diversity purposes.

14.     According to the Complaint, "Plaintiff…is an individual currently residing in Fresno, California." (Complaint at ¶ 1, **Exhibit A** to the Stromberg Decl.). The Traffic Collision Report prepared in response to the automobile accident giving rise to the instant action indicates Plaintiff's address as of June 22, 2019 was located in Fresno, California. (Traffic Collision Report at 1, **Exhibit F** to the Stromberg Decl.). According to Plaintiff's medical records, she received medical treatment for injuries allegedly sustained in the June 22, 2019 accident in California. (Stromberg Decl. at ¶ 10). For diversity purposes, Plaintiff is a domiciled citizen of the State of California.

15.     The citizenship of fictitiously named "DOE" defendants is disregarded for removal

purposes. 28 U.S.C. § 1441(b)(1).

16. Based on the foregoing, complete diversity between Plaintiff and Defendants exists.

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

17. Based on Plaintiff's allegations, the amount in controversy appears to exceed the sum or value of $75,000, exclusive of interest and costs. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. 28 U.S.C. § 1446(c); *Singer v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 376-377 (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *Simmons v. PCR Tech.* (N.D.Cal. 2002) 209 F.Supp.2d 1029, 1031-35 (holding that a plaintiff's damage claim, including lost wages, medical expenses, and emotional distress, was enough to put the amount in controversy above $75,000).

18. According to the Complaint, "Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical[,] and emotional distress and pain and suffering. Plaintiff is informed, believes[,] and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all to her general damages in an amount to be proven at trial." (Complaint at ¶¶ 22, 42, **Exhibit A** to the Stromberg Decl.).

19. Plaintiff further alleges she has "incurred and will continue to incur medical and related expenses," "economic damages and loss of earnings," "loss of earning capacity," and "general damages" and that, in the future, she will "require the services of physicians, surgeons, therapists, nurses, hospitals[,] and other medical and chiropractic professional services to treat and care for [her]." (Complaint at ¶¶ 23-27, 43-46, **Exhibit A** to the Stromberg Decl.).

20. In addition to medical and related expenses, loss of earnings and earning capacity, and general damages, Plaintiff seeks "loss of use and enjoyment and damages to personal property." (Complaint at 8, **Exhibit A** to the Stromberg Decl.). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Simmons v. PCR Tech.* (N.D.Cal. 2002) 209 F.Supp.2d 1029, 1031-35.

21. Based on the foregoing reasons, the amount in controversy appears to exceed $75,000 and the requirement for diversity jurisdiction is met.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

22. As set forth above, this Notice of Removal is filed within thirty days of service of process on all Defendants; venue is proper in this district because it embraces the state court in which the removed action has been pending; and all process, pleadings, and orders filed in this action are attached hereto. (**Exhibits A-E** to the Stromberg Decl.).

23. No Defendant has responded to the Complaint and all Defendants consent to the removal of the Complaint. (Stromberg Decl. at ¶ 11).

24. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. § 1446(d). (Stromberg Decl. at ¶ 12).

25. The Declarant, Tracey L. Stromberg, the undersigned counsel for Defendants, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

26. By this Notice of Removal, Defendants do not waive any objection they may have to service, jurisdiction, or venue or to any other defenses they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions, and pleas.

27. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



DEFENDANTS ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., AND JOSEPH HERRERO'S NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF TRACEY L. STROMBERG

WHEREFORE, Defendants respectfully request this action be removed from the Superior Court of the State of California, County of Madera, to the United States District Court for the Eastern District of California, and that all future proceedings in this matter take place in the United States District Court for the Eastern District of California.

DATED: October 9, 2020

MATTHEW P. HARRISON
TRACEY L. STROMBERG
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
MATTHEW P. HARRISON
TRACEY L. STROMBERG
Attorneys for Defendants, ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., and JOSEPH HERRERO



4821-8280-9804.1

6

DEFENDANTS ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., AND JOSEPH HERRERO'S NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF TRACEY L. STROMBERG

## DECLARATION OF TRACEY L. STROMBERG

I, Tracey L. Stromberg, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, ARCBEST CORPORATION ("ArcBest"), ABF FREIGHT SYSTEM, INC. ("ABF"), and JOSEPH HERRERO (Collectively, "Defendants"), herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. This personal injury matter arises from a June 22, 2019 automobile accident between Plaintiff SILVIA CLERISA FRAIRE ("Plaintiff") and Mr. Herrero in Madera County, California.

3. On September 3, 2020, Plaintiff filed a Complaint in the Superior Court of California, County of Madera, entitled *Silvia Clerisa Fraire, aka Silvia Clerisa Rodriguez v. ABF Freight System, Inc., et al.*, Case No. MCV084048 ("Complaint"). The Complaint alleges two Causes of Action for Negligence and Negligence Per Se against Defendants.

4. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint, filed September 3, 2020.

5. Attached hereto as **Exhibit B** are true and correct copies of the Summons and other notices served with Plaintiff's Complaint.

6. The Summons, Complaint, and other notices from the state court were served on Mr. Herrero via personal service on September 17, 2020. No Defendant was served with the Summons and Complaint prior to September 17, 2020. Attached hereto as **Exhibit C** is a true and correct copy of the Proof of Service for Mr. Herrero.

7. The Summons, Complaint, and other notices from the state court were served on ABF's registered agent for service of process, CSC-Lawyers Incorporating Service, via personal service on September 21, 2020. Attached hereto as **Exhibit D** is a true and correct copy of the Proof of Service for ABF.

8. The Summons, Complaint, and other notices from the state court were served on ArcBest via substituted service on September 23, 2020. Attached hereto as **Exhibit E** is a true and correct copy of the Proof of Service for ArcBest.



9. The Traffic Collision Report prepared in response to the subject automobile accident indicates Plaintiff's address as of June 22, 2019 was located in Fresno, California. Attached hereto as **Exhibit F** is a true and correct copy of relevant portions of the June 22, 2019 Traffic Collision Report.

10. I have reviewed Plaintiff's medical records produced by her counsel in this matter. According to Plaintiff's medical records, she received medical treatment and attended medical appointments for injuries allegedly sustained in the June 22, 2019 accident in California.

11. No Defendant has responded to the Complaint and all Defendants consent to the removal of the Complaint.

12. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. § 1446(d).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 9th day of October, 2020, at Los Angeles, California.

Tracey L. Stromberg

4821-8280-9804.1

2

DEFENDANTS ARCBEST CORPORATION, ABF FREIGHT SYSTEM, INC., AND JOSEPH HERRERO'S NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF TRACEY L. STROMBERG