# EXHIBIT A

Garrett May, SBN 275909
Ryan Buchanan, SBN 300804
Robert May, SBN 250968
**The May Firm, Inc.**
297 Santa Rosa Street
San Luis Obispo, CA 93405
Phone: (805) 980-7758
Fax:   (805) 980-7754

*Attorneys for Plaintiff Silvia Clerisa Fraire*

**FILED**
MADERA SUPERIOR COURT

SEP 0 3 2020

_____ CLERK
_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MADERA – CIVIL DIVISION

SILVIA CLERISA FRAIRE, aka Silvia Clerisa
Rodriguez, an individual;

           Plaintiff,

vs.

ABF FREIGHT SYSTEM, INC., a corporation;
ARCBEST CORPORATION, a corporation;
JOSEPH HERRERO, an individual; and DOES 1
through 100, Inclusive,

           Defendants.

CASE NO. **MCV084048**

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

1. Negligence
2. Negligence Per Se

**BY FAX**

Plaintiff SILVIA CLERISA FRAIRE ("Plaintiff") alleges as follows:

**THE PARTIES**

    1.    Plaintiff SILVIA CLERISA FRAIRE, aka Silvia Clerisa Rodriguez, is an individual currently residing in Fresno, California.

    2.    Defendant ABF FREIGHT SYSTEM, INC. is a corporation existing under the laws of the State of Arkansas. Defendant ABF FREIGHT SYSTEM, INC. is a wholly owned subsidiary of Defendant ARCBEST CORPORATION.

    3.    Defendant ARCBEST CORPORATION is a corporation existing under the laws of the State of Arkansas.

4.      Defendant JOSEPH HERRERO is an individual currently residing in Kingman, Arizona.

5.      Plaintiff is unaware of the names and capacities of Defendants Does 1 through 100 inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

## VENUE

6.      At all times herein mentioned, the subject collision occurred on southbound SR-99 approximately 0.2 miles north of Avenue 18 1/2 in an unincorporated area of the County of Madera, California.

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates by reference the paragraphs above, as though fully set forth herein.

8.      At all times herein mentioned, "Defendants" refers to ABF FREIGHT SYSTEM, INC., ARCBEST CORPORATION, JOSEPH HERRERO, and DOES 1 through 100.

9.      At all times herein mentioned, "Employer Defendants" refers to ABF FREIGHT SYSTEM, INC., ARCBEST CORPORATION, JOSEPH HERRERO, and DOES 1 through 15.

10.      At all times herein mentioned, Defendants operated a certain vehicle owned by Defendants.

11.      At all times herein mentioned Defendants entrusted a certain vehicle owned by Defendants to Defendants.

12.      At all times herein mentioned Defendants owed Plaintiff a duty of care and were required to conform their conduct to that of a reasonably prudent person.

13.      At all times herein mentioned, Defendants operated their vehicle as an agent for, and in the course and scope of their employment with Defendants.

///

14.     At all times herein mentioned, Defendants actions caused injuries to Plaintiff as set forth herein while in the course and scope of their employment with, and while acting as an agent for Defendants.  Therefore, Defendants are all fully responsible for Defendants conduct through the doctrine of *respondeat superior.*

15.     At all times herein mentioned, Defendant JOSEPH HERRERO operated a certain vehicle owned by Employer Defendants.

16.     At all times herein mentioned Employer Defendants entrusted a certain vehicle owned by Employer Defendants to Defendant JOSEPH HERRERO.

17.     At all times herein mentioned, Defendant JOSEPH HERRERO operated a certain vehicle as an agent for, and in the course and scope of his employment with Employer Defendants.

18.     At all times herein mentioned, Defendant JOSEPH HERRERO's actions caused injuries to Plaintiff as set forth herein while in the course and scope of his employment with, and while acting as an agent for Employer Defendants.  Therefore, Employer Defendants are all fully responsible for Defendant JOSEPH HERRERO's conduct through the doctrine of *respondeat superior.*

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

19.     Plaintiff incorporates by reference the paragraphs above, as though fully set forth herein.

20.     On or about June 22, 2019, Defendants operated Defendants' vehicle in such a negligent manner as to cause Defendants' vehicle to violently strike a vehicle operated by Plaintiff ("Plaintiff's vehicle"), causing serious injuries to Plaintiff.

21.     At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Plaintiff, did so own, entrust, maintain, operate, and/or failed to maintain the vehicle driven by Defendants in a safe manner, causing Defendants' vehicle to violently strike Plaintiff's vehicle, causing serious injuries to Plaintiff.

///

22.    As a proximate result of the negligence of Defendants, and each of them,  Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused, and  continue to cause Plaintiff great mental, physical and emotional distress and pain and suffering.   Plaintiff is informed, believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all to her general damages in an amount to be proven at trial.

23.    As a proximate result of the negligence of the Defendants, and each  of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

24.    As a proximate result of the negligence of the Defendants, and each  of them, Plaintiff has sustained economic damages and loss of earnings, and  will continue  to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

25.    As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

26.    As a further proximate result of the negligence of the Defendants, and  each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

27.    Plaintiff is informed, believes and thereon alleges, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical and chiropractic professional services to treat and care for him, and the reasonable amount of said services and liability will conform to proof at the time of trial.

///

///

///

///

28.     Plaintiff is informed, believes and thereon alleges, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff was required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and chiropractic professional services to treat and care for her.  As a result, Plaintiff incurred and continues to incur expenses for medical and chiropractic treatment and care, medicines, and incidental care.

29.     As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

30.     As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

31.     As a further proximate result of the negligence of the Defendants, Plaintiff's property was damaged, which caused Plaintiff to be without the use and enjoyment thereof; Plaintiff's property damages are an amount presently unknown, but which will be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE PER SE as to Defendant JOSEPH HERRERO)

32.     Plaintiff incorporates by reference the paragraphs above, as though fully set forth herein.

33.     Plaintiff is further informed, believes and thereon alleges, that on or about June 22, 2019, Defendant JOSEPH HERRERO:

    a.  Violated Vehicle Code § 22350, in that Defendant JOSEPH HERRERO operated Defendants' vehicle at a speed unsafe for the conditions (speeding); and

    b.  Failed to use reasonable safety that a reasonable or prudent driver would have which endangered the safety of persons and property; and

///

c. Failed to otherwise control, operate and drive Defendant's vehicle so as to avoid causing said collisions; and

d. Caused an impact between Defendants' vehicle and Plaintiff's vehicle.

34. California Vehicle Code § 22350 was intended and designed to prevent the collision, and injuries that Plaintiff suffered as alleged herein.

35. Plaintiff was a member of the class of persons for whose protection California Vehicle Code § 22350 was adopted.

36. Plaintiff is further informed, believes, and thereon alleges, that on or about June 22, 2019, Defendant JOSEPH HERRERO:

a. Violated Vehicle Code § 22107(a) in that Defendant JOSEPH HERRERO, in operating Defendants' vehicle, moved Defendants' vehicle from a direct course within one (1) lane of travel, causing Defendants' vehicle to enter Plaintiff's lane of travel and invade Plaintiff's right-of-way; and

b. Failed to use reasonable safety that a reasonable or prudent driver would have which endangered the safety of persons and property; and

c. Failed to otherwise control, operate and drive Defendant's vehicle so as to avoid causing said collision; and

d. Caused an impact between Defendants' vehicle and Plaintiff's vehicle.

37. California Vehicle Code § 22107(a) was intended and designed to prevent the collision, and injuries that Plaintiff suffered as alleged herein.

38. Plaintiff was a member of the class of persons for whose protection California Vehicle Code § 22107(a) was adopted.

39. Plaintiff is further informed, believes, and thereon alleges, that on or about June 22, 2019, Defendant JOSEPH HERRERO:

a. Violated Vehicle Code § 21658(a) in that Defendant JOSEPH HERRERO, in operating Defendants' vehicle, attempted to change lanes and failed to maintain Defendants' vehicle in a single lane of travel, causing Defendants' vehicle to enter Plaintiff's lane of travel and invade Plaintiff's right-of-way; and

b.  Failed to use reasonable safety that a reasonable or prudent driver would have which endangered the safety of persons and property; and

c.  Failed to otherwise control, operate and drive Defendant's vehicle so as to avoid causing said collision; and

d.  Caused an impact between Defendants' vehicle and Plaintiff's vehicle.

40.  California Vehicle Code § 21658(a) was intended and designed to prevent the collision, and injuries that Plaintiff suffered as alleged herein.

41.  Plaintiff was a member of the class of persons for whose protection California Vehicle Code § 21658(a) was adopted.

42.  Plaintiff is informed, believes and thereon alleges that as a direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendant JOSEPH HERRERO, Plaintiff was injured in her health, strength and activity, in various parts of her person. Plaintiff also sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff severe mental, physical and nervous injury, anxiety, and pain and suffering. Plaintiff is informed, believes, and thereon alleges, that these injuries caused by Defendant JOSEPH HERRERO will result in some permanent disability to Plaintiff, all to her general damages, in an amount to be proven at trial.

43.  Plaintiff is informed, believes and thereon alleges, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendant JOSEPH HERRERO, Plaintiff was required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and chiropractic professional services to treat and care for her. As a result, Plaintiff incurred and continues to incur expenses for medical and chiropractic treatment and care, medicines, and incidental care.

44.  As a proximate result of the negligence of the Defendant JOSEPH HERRERO, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

///

45.    As a further proximate result of the negligence of the Defendant JOSEPH HERRERO, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

46.    Plaintiff is informed, believes and thereon alleges, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendant JOSEPH HERRERO, Plaintiff will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical and chiropractic professional services to treat and care for her, and the reasonable amount of said services and liability will conform to proof at the time of trial.

47.    As a further proximate result of the negligence of the Defendants, Plaintiff's property was damaged, which caused Plaintiff to be without the use and enjoyment thereof. Plaintiff's property damages are an amount presently unknown, but which will be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.    General damages to Plaintiff, according to proof;

2.    Medical and related expenses of Plaintiff, according to proof;

3.    Loss of earnings of Plaintiff, according to proof;

4.    Loss of earning capacity of Plaintiff, according to proof;

5.    Loss of use and enjoyment and damages to personal property, according to proof;

6.    Costs of suit herein;

7.    Prejudgment interest;

8.    Such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

///

///

DATED: September 2, 2020

The May Firm, Inc.

By_____
Garrett May
Attorney for Plaintiff